May it please the Court, Anne Murphy v. United States Your Honor, there was no evidence at trial to support the District Court's judgment that the Postal Service driver was solely responsible for the fatal accident. In fact, the evidence at trial showed conclusively that she couldn't have seen the bicyclist in time to stop, that what happened to her was every driver's worst nightmare, and that in fact, the accident was unavoidable. Well, Counsel, correct me if I'm wrong, but she's on the telephone call at this time? Your Honor, she is on a telephone call. And she has earplugs in, too, or something? She is. That's not unlawful. And in both ears? We don't know that. Tell me what the evidence is. The evidence was that she was on the phone with her earplugs. That's not unlawful under Missouri law, at page 234. Yeah, but I'm not talking about unlawful. This is a negligence case, right, Counsel, under Missouri law? Right. Well, you pretty much concede the driver was negligent, right? We absolutely do not, actually, Your Honor. Oh, boy. And how long does the conversation go on after? She's still talking after the bikes under there. Right, but Your Honor, the evidence is, it's very strong evidence that she literally did not know that she had hit anybody. She calls her supervisor, she says, there's a bicycle under my vehicle. And she also says she saw shoes. Go ahead. Right, the supervisor says, did you hit somebody? And she says, no. And then she says, you know, I turned around and there was a body in the street. So she could have just been on the phone, and when she realized something terrible had happened, you know, maybe she didn't stop the phone call. The bottom line is, Your Honor, we can assume, if you like, that she was negligent, because it remains true that she didn't have the means and the ability to stop and avoid the accident. No, it wasn't. It wasn't avoidable. It was not avoidable, and we know that for sure. But she was negligent. I'm so sorry, Your Honor. But she was negligent. It's just that her negligence didn't cause the accident, is what you're saying. Because it was unavoidable. Correct. Right? Correct. Okay. Let's set the negligence part aside. The fact is, it was unavoidable. We know from the video and from plaintiff's own expert's testimony that she had less time to stop after the hazard would have become apparent to a driver exercising the highest degree of care than she needed. Plaintiff's expert said that the recognition perception reaction time that she would need to take evasive action was a second and a half, and the district court accepted that. That's at page 38 of your appendix. The court also acknowledged, and it's true and we know from plaintiff's expert, that she had about 0.667 seconds. It just wasn't long enough. And the same is true with the evidence of distance. She had a 27-foot stopping distance. That's her own expert at page A-429. There wasn't 27 feet there. The road was 26 feet across. If you want an easy comparison, that's at page A-93. There are pictures at page 175. The evidence is just very clear that it doesn't support... You agree the video's not very clear, right? No, that's correct, but it's the video plus... It's not clear, but it's certainly clear enough, Your Honor, that it happened very fast, and it's the video plus what her own expert says about it. We're not talking about the experts who wanted to reconstruct the speed of the truck and the bicyclist because the district court said, I'm not taking any of that. Fair enough. But what we do know is that the driver didn't have the time and the distance to make the evasive action that people would want her to have. The video seems to me to show that the truck and the bicycle essentially arrived at the collision point at the same time. I know. And that's what the police report found. I'm sorry, go ahead. Go ahead. And that's exactly what the police report found. It literally said they entered the intersection together. But don't you think a reasonable jury could find the driver of the bicycle was trying to lean away from it? That's one thing I think I can see on the video. And they say, put the bike down. You know how it's described by the other side. No, I know how it's described. Let's say he did see her and was trying to avoid it. It doesn't make any difference. Because the point is, could she stop? Under Missouri law, she can't be liable for causing the accident if she didn't have the means and ability to stop. And the evidence is really clear. Or swerve. Or do anything to prevent what happened. So, yeah. It's just very clear from the record that this couldn't possibly have been all her fault. Well, when you say all her fault, are you attacking just the comparative fault of it? So comparative fault is also an issue. The district court didn't make specific findings to support its judgment. I mean, understandably. But also, the bicyclist went into the intersection without stopping, without giving way. It's undisputed that the driver had the right of way. The bicyclist didn't have the right of way. The bicyclist ends up crossing the road. These sound like comparative fault arguments now. Now you're on the fault part of it? Yes. Yes. So there were no findings. So the district court also simply said the bicyclist wasn't negligent. Do you think his age is relevant to that finding? Under Missouri law? I was wondering if his age, the bicyclist's age was relevant to that analysis. It's relevant because he's a minor, but he's also 15. Under Missouri law, he can get a provisional driver's license. You have that case from Missouri Route v. Mudd where a 7-year-old child was held to know that she should stop and look before going into an intersection. We have a 15-year-old here. A 15-year-old person riding a bicycle should have known to stop and look before entering the intersection. So the last part I need to address is the new theory of causation that the plaintiff has here where it's not the accident that caused the fatality. It was her failure to stop once the impact had happened. That theory wasn't served at trial. It wasn't offered to the district court and there's no evidence to show. Under Missouri law, she would still have to show that the allegedly negligent acts, namely not stopping and not doing that controlled emergency stop would have actually caused the fatality. She can't do that because her own expert said that she would still have needed 27 feet to stop and it would have been for the reaction and the skid. So she would have had to put on some medical test. I'm really sorry that we have to discuss this. She would have had to put on some medical testimony that having the reaction and skidding for 27 feet would not have been fatal even though what actually happened was fatal. There was no skidding in this case though, right? No, no, no. So you're doing a counterfactual on her counterfactual, right? Yeah. She would have had to prove that the dragging for 39 feet we know was fatal. She would have had to prove that the part of the dragging which was attributable to the fact that if let's say the accident was unavoidable the part of the dragging that was attributable to the fact that the person didn't do a 27 foot drag with a skid and instead did a 39 foot drag at a controlled pace was what was fatal. How long was it that the bicycle was still underneath the car which is the first thing she noticed apparently? How long was that though? In feet I think it was 204 feet before she stopped. That's an awfully long distance counsel. Two thirds of a football field, think about it. Believe me, I have Your Honor. It's not our argument that yeah, anyway our argument is simply that the accident itself was not avoidable and there's no evidence that any failure to stop was what caused the fatality. As I said the evidence was that this was really an unavoidable nightmare for the driver as well and obviously a terrible fatality. If Your Honor has no additional questions thank you. Ms. Blackwood. Thank you. May it please the court. My name is Amanda Blackwood. I represent Sherry Williams the mother of 15 year old Tony White who had just completed 8th grade and would have been an incoming freshman at East High School when he was killed on July 1, 2020. The facts were largely undisputed at the trial when we had a three day bench trial before Judge Gaitan. These facts include the following that are really important here. Tony White was on his bicycle when he entered the roadway. The driver had been late leaving the postal office. She was on a personal call using earbuds. She struck him with the front midpoint of her van without slowing, braking or swerving. I will come back to that point because I understand that the government's position on appeal is entirely focused on that act. Her actions of negligence according to the fact finder did not stop there. He also found she continued to be negligent in that she did not swerve, slow or brake after she hit him when certainly a reasonably very careful highest degree of care driver would have been aware that there was a danger at least at that point when you hit a 15 year old she proceeded to then run over his body not swerving or attempting to avoid at that point and dragged his body. The government concedes that she was oblivious to the fact that she had even run over a 15 year old, drove for 10 seconds after hitting him before finally stopping at 204 feet. His body became dislodged from under her van at 39.5 feet not because she acted but because at that point at the speed she continued going without slowing it became dislodged out of the back of the van. The standard of review What's the evidence that he would have necessarily have died if he hadn't been dragged? The district court found that it was more likely there was a preponderance of the evidence that the act of running over and dragging him caused or contributed to cause his death. So I believe if we go back to the standard of review There's no medical evidence of that and probably in the nature of things I'm guessing could not be. Correct. I'm not sure about that part but there wasn't any. I think taking a step back and looking at the standard of review here and then what the district court actually found the question that should be asked is not whether the accident was unavoidable because that ignores a major part of the negligence finding the multiple acts of negligence that the district court found. You can be very negligent and nevertheless run over somebody unavoidably Even if you weren't negligent you wouldn't have seen it so that doesn't get you there. Yes, and the government points to some cases where there is solely an impact between two vehicles. There's that one single act, the impact between the vehicles or in the one pedestrian case, Wallander where there's a single impact with the pedestrian but the action stopped there and here you have the running over and the dragging. And to then come back to your question what evidence does the plaintiff need to satisfy a burden for causation on that? I believe then on this on review is it plausible? Is it a plausible conclusion of the district court where the district court concluded that it was reasonable to infer that a 10 mile an hour or if she had started braking even 0.66 seconds could have been less but let's say it's 10 miles an hour like she says impact is survivable but it's more likely than not that then being run over and dragged at that same speed causes or contributes to cause death. You certainly stated the question but I'm not sure your answer follows. I do believe that's a reasonable conclusion of a fact finder There is no case that demands medical evidence at the threshold that the government suggests. You have a burden of proof. You have to show by a preponderance of the evidence. Yes. And all you've got is this tragedy. It's a great tragedy. What is the evidence that you point to and to which we can point to in writing an opinion that he would have that this continuing to drag this poor unfortunate person was the cause of death? I believe the fact finder is entitled to make reasonable inferences and it is a reasonable inference that a judge in this case but I believe any jury sitting can say well I think it's more likely true than not true that dragging him under the van for 39 and a half feet contributed to cause this to be a fatal injury and that it does not take an expert Caused it to be fatal. It doesn't have to be caused. Contributed to cause is the standard. It has to be a but-for cause. If he hadn't done this, he would have survived. That's your burden. No, the burden is that it must cause or contribute to cause the death. In a but-for sense? The case law explains that but-for causation can be a contribute to cause. Yes, I agree with that. The Ruby case for example that the government cites is a Missouri Supreme Court case where an inference can be fairly drawn from the circumstances in a death case that the death was caused or contributed to by the negligence of the defendant a submissible case is made for the jury and I do believe that here those are reasonable inferences and if this court demands that the plaintiff put on medical expert evidence in a case like this it will be drawing a line for plaintiffs in these negligent actions that we don't have in our case law in Missouri and demanding a much higher burden than we currently have There are cases where that burden exists there are certain circumstances where that is necessary and the government appropriately points to those cases Notably, nearly every single one that is cited by the government is a medical malpractice case and that is unsurprising that in a medical malpractice case the causation would require expert testimony However, even in those cases the courts are saying and acknowledging that even with complex medical negligence there may be some cases where fact finders can use their common sense and experience and come to the same conclusion I just want to stress that the review here is for clear error. The district court after having a 3 day bench trial came up with 75 factual findings and most of these do deal with the issues of liability and negligence found that the driver was negligent under multiple theories not just failure to keep a careful lookout but failure to act after the danger became apparent so let's say the danger did not even become apparent until she was upon him on the video at .667 seconds. She still failed to act Is that failure a cause or a contribution to his injuries being fatal? and the court said yes It only must be a plausible way that a fact finder can come to those conclusions for this court to then say But there has to be evidence that it was avoidable There does not have to be evidence that the accident was avoidable There does not have to be evidence that the accident was avoidable In order for the negligence to be a cause it has to be unavoidable It has to be avoidable by exercise of due care Under the failure to keep a careful lookout cases that the government cites, avoidability and unavoidability is an issue. That is not the only theory here What's the other theory? It is failure to take action, swerve slow, slack in speed Missouri law treats them different and that's why under our Missouri approved instructions for jury instructions where we have a jury case we actually submit them as different acts of negligence Multiple acts of negligence But the avoidability is different Was it avoidable? Could she have stopped to avoid the initial impact? Could she have started braking, slowing, swerve when he was upon her car as she initially hit him instead of dragging him for 39.5 feet And the district court made findings sufficient to establish that? Is that your claim? That is the conclusion of the district court And I do want to say on the amount of feet that she drags him counsel suggested that it would be an issue of could she have stopped and stopped dragging him at 27 feet versus 39? I disagree Had she started braking and slowing at .67 seconds even on the video before he appears she wouldn't be going 10 miles an hour that entire time he's underneath her That assumes that she doesn't start braking and also fails to acknowledge that her speed would be slowing during that time of dragging him The unfortunate facts here are that this driver did not do any of that There's an overwhelming amount of evidence that this is a very inattentive driver A critical fact that hasn't been mentioned is that the driver said that she swerved to avoid something in the roadway She said shoes Two or three times in a recorded interview and statement Yes she did And the district judge said I believe that statement is evidence that she could have taken evasive action The government argues Could have taken evasive action when? To avoid him How does that support that conclusion? Why would someone tell law enforcement at the scene that they swerved to avoid something in the roadway I think a reasonable fact finder can say because they knew they should have taken that action She did not say like the driver in Wallander This child darted out in front of me In Wallander the person immediately stopped The child's body was 6 feet from their vehicle But her position was never taken right? No she died before the lawsuit was filed We only have those few statements she made and all of them say I took action She never told this story that's presented as the government's theory at trial or on appeal Which makes it very different from the cases cited where a driver hits a pedestrian I think it's pretty clear she did not take action We know she didn't I was unclear about where the shoes were and when it happened It seems to me it's sort of out of the case The shoes are on his body The shoes are flung from his body in the video as he's run over There are no shoes She doesn't avoid anything in the roadway But she tells police that she swerved to avoid something And I think a reasonable fact finder can say that the reason somebody says that is not because they say something happened and I couldn't react It's because they know they should have reacted They know they should have taken action We don't know the first time that she saw him Because the video and the angle of the video We don't see his approach We don't see her approach There's no evidence what the line of view was except straight ahead Or which way he came out Whether it was along the sidewalk or coming up the alley We don't really know any of that We don't I would like to, before my time is up address very briefly the comparative fault argument The only evidence presented by the government at trial was that he entered the roadway without yielding to traffic The government theory was also that he slipped on some slick substance at the outset of the alley before entering the roadway which seems to suggest an unintentional entering of the roadway He did take action laying down his bicycle But even more critically, the standard is not just age It's also experience and capacity The government is asking this court to find as a matter of law that 15 year olds are negligent if they break a rule of the road That kind of bright line would be inconsistent with the Missouri standard which is to look at someone of a similar age, capacity and experience What were the findings in the record on capacity and experience? There were none presented by the government They did not present any evidence on his negligence other than he entered the roadway Their theory of how the accident happened seemed inconsistent because it was that he slipped on a slick substance some kind of unavoidability on his part If there are no other questions I would conclude by stressing again that on appeal the review was of the record as its entirety This district court judge found multiple acts of negligence and that those multiple acts including running over and dragging Tony White contributed to the injuries being fatal A reasonable fact finder should be able to find and it is a plausible conclusion that the 10 mile an hour impact whether that part was or wasn't avoidable certainly the acts of continuing to run him over and drag him could cause or contribute to cause his death Your Honor, you are absolutely right that there has to be but for causation and at page 23 of plaintiff's briefs she says that and she cites Kivlund and Ahmed which are both actually medical malpractice cases but it's part of her burden to show that death would not have happened apart from the negligence We do think that medical testimony would be needed to show that being dragged for 27 feet after an emergency stop wouldn't kill you but that being dragged for 39 feet would There's no question that the hazard didn't arise until the bicyclist went into the roadway There's a very high fence around the alley so that even if he'd been coming down the alley the driver wouldn't have been able to see him There's a good picture at page 249 of the appendix of that If you have no further questions for me I think that's all I want to say Seeing none, thank you both for the argument Case number 23-3443 is submitted for decision by the court Ms. Grupe, does that conclude today's argument? It does, Your Honor This court will be in recess until 9 a.m. tomorrow morning